# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ARNO RESOURCES, LLC, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:20-cv-02540-CAP |
| | ) | |
| EPIC TECH, LLC, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
|     Defendants | ) | |

___

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS OR TRANSFER
___

COME NOW Epic Tech, LLC ("Epic Tech"), Winter Sky, LLC ("Winter Sky"), Red Rock Investments, LLC ("Red Rock), Erik Nordin and Tim Caldwell (hereinafter collectively referred to as "Defendants") in the above-styled action, and appearing specially and without waiving any defenses, hereby submit this Brief in Support of their Motion to Dismiss or Transfer to the United States District Court for the Western District of Texas pursuant to the first-filed rule, or in the alternative stay this matter until 21 (twenty-one) days after the District Court for the Western District of Texas rules on Arno Resources, LLC's Motion to Dismiss or Transfer, respectfully showing as this Honorable Court follows:

## **INTRODUCTION**

This case arises from Plaintiff's attempt to monetize a purported assignment of intellectual property rights arising out of a 2004 software Development Agreement which was litigated and subject to a comprehensive Settlement Agreement in 2007.

When Plaintiff began its saber rattling in May of 2020, Epic Tech and Winter Sky filed an action for declaratory relief in Texas to have that court declare that any claims Plaintiff asserts were fully compromised in the 2007 Settlement Agreement. Pursuant to the "first-filed rule," this Court should dismiss this case or transfer the instant action to the United States District Court for the Western District of Texas because at the time this action was filed, a substantially identical action had was already on file and pending in the United States District Court for the Western District of Texas. That action, after removal from state court, is *Epic Tech, LLC and Winter Sky, LLC v. Arno Resources, LLC*, 20-cv-00577 (W. D. Tex. May 29, 2020) (hereinafter referred to as the "Texas Action"). *See* Epic Tech, LLC's' Original Petition, attached hereto as **Exhibit A.**

Because of the previously filed action in Texas, and in accordance with the first-filed rule, this matter should either be dismissed in favor of the first-filed

2

action or be transferred to the Western District of Texas for adjudication, where the prior action is pending.

## FACTUAL BACKGROUND

A.  **The Development Agreement**

Effective August 13, 2004, Gateway Gaming, LLC ("Gateway"), entered into a Development Agreement with Plaintiff Arno Resources, LLC's ("Plaintiff" or "Arno") predecessor in interest, Custom Gaming Design, Inc. ("CGD").[1] CGD agreed to develop a video gaming system (the "Gateway Gaming System") for a fee of $447,000.00, and to develop five promotional game applications (the "Gateway Games") for a fee of $408,400.00.

The Development Agreement required and contemplated the creation and transfer of intellectual property as part of the work performed by CGD. The Development Agreement provides that Gateway would "own the intellectual property rights related to [the software]."[2] As described in the Development Agreement, the Gateway Gaming System was to be the "back office" software that operated the Gateway Games, including a central back office, management

---

[1] A true and correct copy of the Development Agreement is attached to as Exhibit 1 to Exhibit A.
[2] *Id*. at pg. 2.

3

terminal, cashier terminal, and a game terminal.[3] CGD also granted a "worldwide license to use and modify all source code and documentation for all items exclusive of the Game Related Pieces."[4]

The Development Agreement provides it will "terminate when all projects set forth in Exhibit A have been completed."[5] CGD completed the Gateway Gaming System and the Gateway Games. Gateway paid the full amount of $855,400 on or before December 31, 2005, for the completed Gateway Gaming System and the Gateway Games.[6] Development Agreement, therefor, terminated based on its express terms on or before December 31, 2005, as both parties had fully performed.

**B.    Prior Lawsuits and Settlement Agreement**

On May 22, 2006, CGD filed a lawsuit in Texas against Gateway and several former CGD employees (the "Texas Action").[7]  On May 31, 2006,

---

[3] *Id.* at pg. 7.
[4] *Id.* at pg. 2.
[5] *Id.*
[6] Exhibit B attached hereto and incorporated by reference; Decl. of Erik Nordin at ¶ 4.
[7] *Custom Game Design, Inc. v. Gateway Gaming, Inc., Robert Weatherby, David Dempsey, and Keith Riskey*, Cause No. 06-04909-K, in the 192nd District Court for Dallas County, Texas.

Gateway filed a lawsuit in South Carolina against CGD (the "South Carolina Action").[8] Both cases asserted violations of the Development Agreement.

Effective April 25, 2007, all parties to both the Texas Action and the South Carolina Action entered into a Settlement Agreement.[9] The Settlement Agreement includes a provision whereby CGD released any claims it had, or may have, concerning the Development Agreement, including release of, among others, Gateway and its officers, shareholders, members, managers, representatives, agents, employees, successors, and assigns.[10]

**C.     The Unsigned Assignment Agreement Between CGD and Arno**

It appears that on or about February 28, 2017, CGD and Arno attempted to enter into a Software Assignment Agreement (the "Assignment").[11] Though the Assignment is not fully executed, it purports to transfer "all of GGD's (sic) right, title and interest in certain specified intellectual property…."[12]

---

[8] *Gateway Gaming L.L.C. v. Custom Game Design, Inc.*, Civil Action No. 8:06-cv-01649-HMH, in the United States District Court for the District of South Carolina, Greenville Division.

[9] A true and correct copy of the Settlement Agreement is attached as Exhibit 2 to Exhibit A and incorporated herein by reference.

[10] *Id.* at pg. 5.

[11] A copy of the Assignment is attached as Exhibit 3 to Exhibit A and incorporated herein by reference.

[12] *Id.*

5

The Assignment, also "grants, conveys, and assigns all rights to any claims for misappropriation, violation, infringement or other wrongful act with respect to the Intellectual Property…."[13] However, the "Intellectual Property" is defined in terms of the 2004 Development Agreement.[14] As a result of the 2007 Settlement Agreement, CGD released any claims it may have had concerning any violation of the Development Agreement. Therefore, no "rights to any claims" existed for CGD to assign to Arno.

D.  **The Current Lawsuits**

On May 13, 2020, counsel for Arno sent a letter to Epic Tech alleging that Epic Tech had engaged in "unauthorized use of certain software that our client's predecessor in interest, Custom Game Design, Inc., licensed to Gateway Gaming, Inc."[15] Arno's counsel threatened to sue Defendants for misuse of intellectual property that was purchased by Gateway, asserting claims that were released by CDG in the Settlement Agreement. Further, Arno threatened to sue six other uninvolved individuals, and four terminated entities.[16] The letter ended with a deadline and a request for payment: "To that end, we request that you have Epic

---

[13] *Id.*
[14] *Id.* at pg. 5, Non-Exhaustive Lost of Purchased Intellectual Property.
[15] A true and correct copy of the May 13, 2020 letter is Exhibit 5 to Exhibit A and incorporated herein by reference.
[16] *Id*.

6

Tech's attorneys contact us no later than May 22, 2020, should it wish to discuss a potential pre-suit settlement."[17]

Defendants were unfamiliar with Arno, but Arno's principal, Richard Schappel, or Arno's lawyer, Justin Kaplan, are very familiar to Defendants. From March 23, 2015 through April 5, 2017, Epic Tech was engaged in wide-ranging litigation against numerous entities and individuals who infringed on Epic Tech's intellectual property rights, including Schappel and his former entities.[18] Epic Tech dismissed the case against Schappel and his entities without prejudice in April 2017, following settlement with other named defendants.

Unbeknownst to Epic Tech at the time, Schappel had just sought the Assignment Agreement with CGD only two months earlier.[19] As for Mr. Kaplan, Epic Tech and its predecessors have been forced to suffer years of baseless, bad-faith lawsuits brought by Mr. Kaplan, many of which were voluntarily dismissed.[20]

---

[17] *Id.*

[18] *Epic Tech v. STHR Group, LLC, DDDDB, LLC, Richard Schappel, Kevin Frank, Douglas G. Best, Stuart Jordan, et al.*, Case No. 1:15-cv-00252-CCE-LPA, in the U.S. District Court for the Middle District of North Carolina.

[19] *See* Exhibit 4 to Exhibit A.

[20] *See, e.g, Arcola Systems Florida, LLC v. Frontier, Inc., Frontier Gaming, Inc., Robert Mosley, and Nochole T. Andrighetti*, Case No. 1:12-cv-22874, formerly in the U.S. District Court for the Southern District of Florida, Miami Division; *Brian Bonnette v. Enterprise Performance Solutions, LLC, Frontier Software Systems, LLC, Gateway Systems, LLC, Bob Mosely, Sr., Starita Mosely, Epic Tech, LLC,*

7

And in this matter, Mr. Kaplan threatened twelve individuals and entities in the present dispute, despite that those individuals do not bear individual liability or have privity of contract with his client, and despite knowing that four of the entities are dissolved or otherwise defunct.

Because of the threat letter Defendants filed their action for declaratory judgment; *Epic Tech, LLC and Winter Sky, LLC v. Arno Resources, LLC*, Case No. D-1-GN-20-02870 (Travis County, Texas).  Suit was filed on May 29, 2020, a week after Arno's deadline had run without Arno initiating any action.

On June 16, 2020, Arno filed this action against Epic Tech and Winter Sky as well as four defunct entities and multiple individuals who are not subject to liability in their individual capacities and who were not in privity of contract with Arno Resources ("the Georgia Action").

---

*Epic Tech, LLC, Blue Streak Bids, LLC, Red Rock, Investments, LLC, J. Michael Caldwell, Leslie Caldwell, Tim Caldwell, Erik Nordin, Allen Mashburn, and Keith Gray*, Civil Action No. 2015-CP-04-02844, formerly in the Tenth Judicial District Court of Common Pleas, Anderson County, South Carolina; and *Brian Bonnette v. Bobby Mosley and Star Mosley,* Case No. 2:16-cv-00058-SPC, formerly in the U.S. District Court for the Southern District of Florida, Ft. Myers Division.

8

## ARGUMENT AND CITATION OF AUTHORITIES

**I. Under the First-Filed Rule, Texas as the First-Filed Forum has Sole Jurisdiction Over the Parties' Claims.**

    **a. Legal Standard**

The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case. *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). The first-filed rule rests on principles of comity and sound judicial administration and "serves to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Merswin v. Williams Cos., Inc.,* No. 1:08-cv-2177-TWT, 2009 WL 249340, at *2 (N.D. Ga. Jan. 30, 2009) (adopting Report and Recommendation) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603-04 (5th Cir. 1999) (*emphasis in original*). *See* also *Woo v. Nike, Inc.*, No. 1:10-CV-1018RWS, 2010 WL 1565526 at *2 (N.D. Ga. Apr. 19, 2010).

It is well-established in the Eleventh Circuit that when two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption in favor of the first-filed suit under the first-filed rule and application

9

of the first-filed doctrine should not be "disregarded lightly." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). "In the absence of **compelling circumstances,** the court initially seized of a controversy should be the one to decide whether it will try the case." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) (quoting *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir.1971) (*emphasis added*). "In determining whether the first-to-file rule applies, courts consider three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake*." United States v. 22.58 Acres of Land, More, or Less Situated in Montgomery Cty., Ala.*, No. 2:08-cv-180-MEF, 2010 WL 431254, at *5 (M.D. Ala. Feb. 3, 2010).

      i.    **Chronology of Actions**

The undisputed evidence establishes that on May 29, 2020, Epic Tech and Winter Sky filed a civil action against Arno in Texas seeking declaratory relief relating to the scope and effect of a 2007 Settlement Agreement, specifically a determination that Arno had no right to assert any claims against Epic Tech or Winter Sky under the Software Assignment Agreement. On June 19, 2020, with full knowledge of the pending Texas matter, Arno filed this duplicative action in this Court.

### ii. Similarity of Parties and Issues

The Eleventh Circuit takes a broad approach in determining similarities of parties and issues; when two actions involve overlapping issues and parties there is a strong presumption in favor of the forum of the first filed suit. *Manuel*, 430 F.3d at 1135. The Eleventh Circuit has consistently held the first filed rule applies even when cases feature different causes of action and different parties, holding the only requirement is that the two actions involve closely related questions or common subject matter. *Id.* at 1132, 1135; *see also Strother v. Hylas Yachts, Inc.*, No. 12-cv-80283, 2012 WL 4531357, at *2 (S.D. Fla. Oct. 1, 2012) (explaining that first-filed rule applies even when cases "feature some different causes of action and different parties" and all that is required is "closely related questions or common subject matter"); *see* also *Chambers v. Cooney*, No. 07-0373-WS-B, 2007 WL 2493682, at *5 (S.D. Ala. Aug. 29, 2007) (applying First Filed Rule where action involved overlapping but not identical parties). If the underlying facts and parties to two suits are substantially similar, the inclusion of non-identical parties does not render them dissimilar. *Id.*; *see* also *Peterson v. Aaron's, Inc.*, No. 1:14-cv-1919-TWT, 2015 WL 224750, at *3 (N.D. Ga. Jan. 15, 2015) (noting that whether cases are substantially similar is a "question of substance rather than form").

Although the parties and causes of actions are not identical, the parties and issues are certainly substantially similar requiring the application of the first-filed rule. Both pending actions stem from prior litigation regarding the 2004 Development Agreement and the subsequent 2007 Settlement Agreement between the parties in that litigation. Epic Tech and Winter Sky's first-filed declaratory judgment action pending in Texas seeks declaratory relief regarding the scope and effect of the 2007 Settlement Agreement, including specifically whether Arno is barred from asserting claims based on the Development Agreement and its Software Assignment Agreement because any such claims are foreclosed by the 2007 Settlement Agreement. While Arno's instant action includes additional tort claims, the crux of Arno's claims are contractual claims relating to the interpretation of rights and obligations stemming from the subject 2007 Settlement Agreement. Accordingly, resolution of the declaratory action pending in the first-filed Texas Action would effectively determine the claims at issue in this Court.

There is no dispute that the two pending matters substantially overlap. Once the second filed court determines that a likelihood of substantial overlap exists between the two suits, it is no longer up to the second filed court to resolve the question of whether both should be allowed to proceed; the proper course of action

is for the court to transfer the case to the first-filed courted to determine which case should, in the interests of sound judicial administration and judicial economy, proceed. *Cadle,* 174 F.3d at 606; *Mann*, 439 F.2d at 408; *see also Marietta Drapery & Window Coverings Co. v. N. River Ins. Co*., 486 F. Supp. 2d 1366, 1370 (N.D. Ga. 2007) (quoting *Perkins v. Am. Nat. Ins. Co*., 446 F. Supp. 2d 1350, 1353 (M.D. Ga. 2006)).

In the alternative this Court should stay this action until such time as the Court in Texas rules on Arno's Motion to Dismiss or Transfer which is presently pending. Arno's Motion is fully briefed and ripe for adjudication in Texas. On September 4, 2020, the magistrate judge submitted her Report and Recommendation to the District Court recommending that the Texas action be dismissed.[21] The Report and Recommendation is subject to a 14-day objection period after which time the District Court can determine to accept or modify the recommendation of the magistrate judge. As the issues relating to the first-filed rule and how the cases are to proceed is already close to a final determination in the first-filed action, the most efficient path may be for this Court to stay this

---

[21] *See* Report and Recommendations, *Epic Tech, LLC v. Arno Resources, LLC*, No. 1:20-cv-00577 (W. D. Tex. Sept 4, 2020), ECF No. 32.

action until such time as Arno's Motion to Dismiss or Transfer the Texas action is fully adjudicated.

## CONCLUSION

Based on the foregoing, Defendants respectfully request this Court dismiss this action, transfer this case to the United States District Court for the Western District of Texas, or in the alternative stay this matter until 21 (twenty-one) days after the District Court for the Western District of Texas rules on Arno's Motion to Dismiss or Transfer.

Respectfully Submitted this 8th day of September 2020.

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC

*/s/ L. Clint Crosby*
L. Clint Crosby
Georgia Bar No. 197877
Ciera N. Locklair
Georgia Bar No. 887772
Monarch Plaza, Suite 1600
3414 Peachtree Road NE
Atlanta, GA 30326
Telephone: (404) 577-6000
Facsimile: (404) 221-6501
Email: ccrosby@bakerdonelson.com
Email: clocklair@bakerdonelson.com

*Counsel for Defendants Epic Tech, LLC and Winter Sky, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendants certifies that the pleading has been prepared in Times New Roman, 14-point type, which is of the font selections approved by the Court in Local Rule 5.1(B).

## **CERTIFICATE OF SERVICE**

This will certify on this 8th day of September 2020, a copy of the foregoing DEFENDANTS EPIC TECH, LLC AND WINTER SKY, LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS OR TRANSFER was filed and served via the CM/ECF online filing system with the U.S. District Court for the Northern District of Georgia, which will automatically send email notification to all counsel of record.

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC

*/s/ L. Clint Crosby*
L. Clint Crosby
Georgia Bar No. 197877
Ciera N. Locklair
Georgia Bar No. 887772